# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

**GREGORY KELLY**

**PLAINTIFF.**

2024 MAY 17 P 3: 00

TREY CRANDER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2: 24-CV-00297-RAH-KFP

v.

**JURY TRIAL DEMANDED**

**MONTGOMERY  REAL ESTATE   LLC
D/B/A RAPID FIRE  HOME  BUYERS;**

**JESSICA AVANT** individually and her   position
as employee of  Rapid-Fire Home

**BOBBY DEAN** individually and his   position
as employee of  Rapid-Fire Home

**DEFENDDANTS**

## COMPLAINT

**Come Now**, Plaintiff Gregory Kelly,  brings this Complaint seeking relief  under

the provisions  of the Title VIII  of  the  Civil Rights   Act of 1968, federal disability laws

( ABA. ADA and Rehabilitation Act )  and   under the Equal Protection  Clause of  the

14th Amendment to the Constitution  of United States. The Plaintiff  also  seeks relief on

various  federal and state causes of actions.

1

## JURISDICTION AND VENUE

1.  Jurisdiction of this Honorable Court is posted under provisions of 28 U.S.C § 1331 and 28 U.S.C § 1343 because this case involves questions of federal laws.

2.  Venue is proper in this district under 42 U.S.C § 2000e-5(f) because the unlawful business practices and predatory actions are alleged to have been committed in Montgomery, AL which is encompassed in the U.S District Court for the Middle District of Alabama, Northern Division.

3.  The Venue is also proper in this District under provisions of 28 U.S.C § 1391 because a substantial part of the events giving rise to the complaint occurred in this District.

## PARTIES

4.  The Plaintiff, Gregory Kelly, is a black, disabled male over the age of sixty (60), and at all times relevant hereto resides in Montgomery, AL, which is encompassed in the area of the U.S District Court for the Middle District of Alabama, Northern Division.

5.  **Defendant Jessica Avant a Black female over** 19 years old, and she is employed by Rapid-Fire Home and his office is located at 4249 Lomac Street, Montgomery, AL which is encompassed in the U.S District Court for the Middle District of Alabama, Northern Division.

6.  **Defendant Bobby Dean is a white male over** 19 years old, and he is employed by Rapid-Fire Home and his office is located at 4249 Lomac Street, Montgomery, AL which is encompassed in the U.S District Court for the Middle District of Alabama, Northern Division.

7. **Montgomery Real Estate LLC d/b/a Rapid Fire Home Buyers;** is a wholesale real estate investment company who sells homes "as-is" for cash, and is located at 4249 Lomac Street, Montgomery, AL which is encompassed in the U.S District Court for the Middle District of Alabama, Northern Division.

## STATEMENT OF FACTS SUPPORTING CAUSE OF ACTION

8. **On July 25, 2023,** Defendants filed a frivolous and bad faith lawsuit against Plaintiff Kelly and his wife , Annette B. Kelly after the Plaintiff refused to sell their fire and smoke damage home at 3061 Renee Dr, in Montgomery, AL. **Ex 1**

9. **On July 25, 2023,** in more retaliatory actions the Defendants also placed an unlawful and "poison pill lis pendens" on the real property of Plaintiff Kelly and his wife , Annette B. Kelly, at 3061 Renee Dr, in Montgomery, AL **Ex 2**

10. **On July 11, 2023,** Plaintiff Kelly and his wife received harassing and coercing letter from these Defendant's legal counsel threatening the Plaintiff with legal action if the Plaintiff did not sell their home **to the Defendants for $ 40K dollar while the true value of the property was about $100K dollars**. Ex 3

11. **In this July 11, 2023 letter to Plaintiff Kelly,** the Defendants also falsely accused Plaintiff Kelly of breach of a fraudulent and bad faith contract which was executed by unlicensed and unbonded real estate agent, co-Defendants, Bobby Dean.

12. Plaintiff Kelly says that anyone who wants to sell real estate in Alabama must first obtain a real estate license for the state's real estate licensing board, Article 1 Law Section Title, Section 34-27-3.

13. **The Defendants constructively breached their real estate contract with Plaintiff Kelly when they refused** to adhere to federal health and safety laws and when they refused to provide reasonable employment accommodations the disabled home buyers and prospected home buyers , and the Defendants refused to properly repair Plaintiff Kelly toxic home which was heavily contaminated with asbestos , mold, mildew and lead paint, and corrosive lead and copper water and gas pipes among other dangerous and deadly environmental chemicals and toxins. . **Ex 4**

14. *In these homes "as-is" cash business dealings* , the Defendants were suppressing , hiding and concealing viral and critical information about the residential property under their control were infected and contaminated with toxic lead, asbestos, mold, mercury, formamide , *plus gas leaks and gas line defects, sewer problems; and infested with rats ,roaches, bed bugs, lice, spiders, fleas , ticks, ants, bats, termites, etc.*

15. **On July 25, 2023, t**he Defendants filed this retaliatory lawsuit to silence Plaintiff Kelly from voicing his concerns and speaking out about enviromnatal justice crimes and enviromnatal toxic torts crimes

16. **Since July 25, 2023,** the Defendants and the Defendant's employees have slandered the home title Plaintiffs Kelly by placing a fraudulent lis pendens which prevented Plaintiff Kelly from advertising , marketing and selling his real property to other property and real estate investors at the fair market price about $ 100K dollars.

17. **In this  July 25, 2023,  frivolous  lawsuit and bad faith actions ,**   the Defendants committed retaliatory  acts under the provisions  of the Title VIII  of  the  Civil Rights  Act of 1968,  the Civil Rights Act of 1866;  and under  the Equal Protection  Clause of  the 14th Amendment to the Constitution  of United States, and the fedeal  "environmental fraud, "Human trafficking,  elderly exploitation, and  Alabama's  state  law violations  and various  others  tortious and unlawful acts.

18. Plaintiff Kelly  has filed  fedeal complaints  with  the US -DOJ ( dated May1, 2024, April 8, 2021,  March 27, 2013, and  May 24, 2013);  the  US -HUD (dated July  2, 2012), and  the US -GSA (dated July  14, 2020 and MAY 19, 2021),   about  the   Defendants  and the Defendants  associates US -SBA/ PPP loan frauds  and  pattern of  racketeering  that considered of mail, wire, radio, television and appraisal frauds  when  targeting vulnerable homeowners  and  destress communities  and  cities  of color.  **Ex 5**

19. Plaintiff Kelly has also filed  complaints  with   the AL-AGO ( dated October  22, 2012 and April 15, 2011,  of 2023)  and  the   Alabama Real Estate Commission  ( dated July 6 and 17 of 2023)  about  the   Defendants' fraudulent scheme that target  vulnerable homeowners with cash offers and rapid  settlement for their homes without informing the seller that cash offers are well below market rate   **Ex 6**

20. *In September and October 2018 for filing   toxic tort  complaints against  the Defendants and the Defendants* ,  Plaintiff  Kelly says  he suffered  retaliatory acts (  poison   pill lis pendens")  were attacked   on the real property  of Plaintiff  Kelly for disclosing information to  government agencies  about  the   Defendants committing  violations under Section 1558 of ACA, AHERA, CAA  CWA (Federal Water Pollution Control Act), SDWA, SWDA, SOX, TSCA, OSH Act, among other laws *: **Ex. 7***

21. **On July 25, 2023 in a frivolous lawsuit**, the Defendant and Defendant's employees also attempted to committed real estate grant theft crimes by stealing Plaintiffs Kelly honest money (" about $2.5K of dollars") and stealing Plaintiffs Kelly home equality funds ( about $ 100 K of dollars).

22. *In Case No. CV- 2023 -901007 before the Circuit Court of Montgomery , AL,* Plaintiff Kelly have also argued and accused the Defendants and contractors ( home repair, home constructions) receiving 10s of 1000s of dollars in ill-gotten gains from participating in RICO Act ( incarcerating prisoner for profit ); RICO Act( real estate and real estate appraisal frauds ) and UDAP Act fraud schemes . **Ex 8**

23. *In Case No, CV- 2023 -901007* , Plaintiff Kelly also accused the Defendants and the Defendants employees and contractors ( home repair, home constructions , and HVAC/R and Plumbing vendors of colluding in RICO Act crimes and UDAP Act violations, and using inferior and substandard parts to repair damaged and toxic homes and using unlicensed, underage and undocumented aliens to repair damaged and toxic homes.

24. *In Case No, CV- 2023 -901007* , Plaintiff Kelly also argued and accused the Defendants and the Defendants employees of violating the federal *RICO act through a pattern of racketeering activity consisting of mail, wire, radio, and television fraud.*

25. *In Case No, CV- 2023 -901007* , Plaintiff Kelly additionally alleged and accused the Defendants and the Defendant's employees of violating Alabama's Shirley's laws when these Defendants decided to target poor , non-white, elderly and disabled intercity property owners by filing "poison pill lis pendens" to cause trouble.

26. *Under Alabama's    Shirley's laws,*  Plaintiff  Kelly  says  that the Defendants   were  also specially  targeting  vulnerable  elderly, disabled  and other vulnerable   individuals  with these  *deceptive marketing,  <u>ambiguous " AS -IS"  contract terms.</u>*

27. In these attempted   Home Equity   crimes against  the  Plaintiff  Kelly , before  the ink dried  the  next day,  the Defendants  sought  to sale  Plaintiff  Kelly  and his wife real property at  3061 Renee Dr  in Montgomery, AL  **at a significant  mark-up of  $57,500 or best offers, "***a <u>whopping 45%  one day profit,</u>* **"** Ex 9

28.  *In Case No, CV- 2023 -901007* , the Plaintiff  Kelly  argued  that the  Defendants unlicensed  Real  Estate  salespersons , brokers,  property   Investors,  and Real Estate dealers, and agents   have  *deliberately failed to provide timely and written   Wholesaling Real Estate Disclosure Notices in plain English   which  include,  but not limited to:*

   a)  Lis Pendens Lien   Witten  Disclosure  Notices  and Agreements
   b)  Equity Release   Written Disclosure  Notices  and Agreements
   c)  Profit  Release  Written  Disclosure  Notices  and Agreements
   d)  Assignment  Release  Written  Disclosure  Notices  and Agreements
   e)  Agency  Release  Written  Disclosure  Notices  and Agreements
   f)  Tittle VIII Civil Rights aka  FHA Act , the 2008  ADA  AA Act and Sections  508, 504 and 503   1973 Rehabilitation Act Compliance Written  Disclosure  Notices and Agreements,  and Architectural Barriers Act (ABA) of 1968, 42 U.S.C. 4151, as amended, and Section 502 of the Rehabilitation Act of 1973

29. In   these RICO Act ( human trafficking and  incarcerating  -people -for- profit ) schemes, these  Defendants and their employees  have  employed,  hired and contracted  with  10s of  100s  of dangerous prisoners  and white supremacy  inmates  from numerous locations including  Elmore, Draper and Staton Correctional Facilities in Elmore; Kilby Correctional Facility in Montgomery; Tutwiler Prison for Women in Wetumpka, etc.

**30.** ***On June 14 of 2023,*** Plaintiff Kelly   admit to  sending the Defendants and the

Defendants employees a  "demands letter"  requesting  and seeking  *damages  as follows:*

| | |
|---|---|
| • Aggressive ID Theft | $120,000.00 |
| • Family's Economic Lost : | $ 90,000.00 |
| • Family's Non-Economic Lost | $ 75,000.00 |
| • Pain  and Suffering Costs | $ 120,000.00 |
| • Court Costs and Legal Fees | $ 35,000.00 |
| • Compensatory  Damage Costs | $ 100,000.00 |
| • Punitive Damage Costs for Tortious Conduct | $ 100,000.00 |

----------------------------------------------------------------------------------------------------

| | |
|---|---|
| ***Sub-Total Cost*** | ***$ 640,000.00*** |
| ***Sub-Total Triple RICO Act Cost*** | ***$1,920,000.00*** |
| ***Total Personal Injury  Cost*** | ***$2,560,000.00*** |

**31.** The Defendants and the Defendant's  employees  failed  to response  to Plaintiffs Kelly's

and his  wife demand letter(s).

**32.** Plaintiff Kelly    says that Defendants  employees   were misrepresenting  themselves

and their employees  as state  license real estate agencies and brokers,

**33.** Plaintiff Kelly    says that the Defendants   were also  misleading,  duping deceiving

federally funded banks and credit  unions,  and mortgage  insurers,  homeowners,   real

estate appraisals and others   about  their liabilities associated  with the Defendants'

portfolio of  sick, toxic  and contaminated  homes.

8

## COUNT I:  FEDERAL CAUSE OF ACTION
## RICO ACT  CRIMES  BY A PATTERN OF RACKETEETING
### (Against All  Defendants)

**34.** The  Plaintiff  re-alleges the allegations set forth in Paragraphs 1-33  above and incorporates the same herein by reference.

**35.** Federal law bars conduct of an enterprise through a pattern of racketeering activity causing injury to a person's business or property.

**36.** Defendants are each an enterprise within the meaning of 18 U.S.C. § 1961(4).Defendant Jessica  Avant   Defendant Bobby  Dean  are each an individual or other enterprise, and each of these Defendants engaged in a pattern of racketeering.

**37.** . The  Defendants alleged  pattern of  racketeering  includes   mail, wire,  radio, television, tax,  appraisal ,  real estate  and business loan frauds  via  the US – Treasury and US Small Business  Administration ( US SBA/PPP) programs, financial  exploitation abuses, human  trafficking  crimes  and conspiracy to commit such acts.

**38.** The Defendants engaged in multiple acts of such racketeering activity and conspiracies with respect to Plaintiff Kelly including   attempting  to  steal  his  home  equity and attempting  to  steal  his  honest money  when committing  real estate frauds against   the Plaintiff  such that those acts constituted a pattern.

**39.** Such acts caused injury to  Plaintiff's  Kelly's business or property. Specifically, Plaintiff Kelly's has a property interest  at  his home at  3061 Renee Dr.   Defendants attempted  to exploit  and extort Plaintiff Kelly by selling or otherwise profiting from criminal acts  by stealing  the Plaintiff's  home  equity and home  earnest  money.

**40.** . Defendants engaged in a pattern of racketeering, and a racketeering conspiracy, including the concealment and cover up of these financial frauds  and environmental frauds  and other toxic torts   criminal acts  that  they  knew or should have known, in order to continue to exploit the Plaintiff  by filing a retaliatory lawsuit  to force  the Plaintiff to sell  his property   interest in his home at  3061 Renee Dr

**41.** As a result of such conduct,  the Plaintiff  has suffered injury to his property rights  and   the Defendants' poison pill   lis pends  has forced the Plaintiff   to cancel  his home restoration plans  for his  home  which was damaged  due to a house fire.

**42.** As a result,  the Plaintiff  is entitled to all damages associated with injuries  to his  business or property, treble damages, attorney's fees,  and other equitable profits.

## COUNT 2:  FEDERAL CAUSE OF ACTION
## RICO ACT  CRIMES  BY A PATTERN OF RACKETEETING
## CAUSED  INJURIES TO THE PLAINTIFFS
### (Against All  Defendants)

**43.**  Plaintiff Kelly   re-allege the allegations set forth in Paragraphs 1-33  above and incorporate the same herein by reference.

**44.**  At all relevant times,  Plaintiffs  alleged outrageous conduct and reckless disregard of the rights, safety and interests  of the Plaintiff home property and financial interests, of  Plaintiff Kelly, and the Defendants  pattern of racketeering caused  damages to  the Plaintiff.

**45.**  As a result,  Defendants'  pattern of racketeering  which harmed and injured  the Plaintiff, the  Plaintiff is entitled to all damages associated with injuries  to his  business or property, treble damages, attorney's fees, disgorgement of profits, and other equitable.

## COUNT 3:   FEDERAL CAUSE OF ACTION
### FALSE CLAIMS UNDER 31 U.S.C 3729  MADE AND PAID  BY THE  GSEs
### (Rapid Fire Home Buyers Defendant)

**46.** Plaintiff Kelly   re-allege the allegations set forth in Paragraphs 1-33  above and incorporate the same herein by reference.

**47.**   The Plaintiff  states  complaints  governed   by and rising under   violations of False Claims Act  under    (31 U.S.C. §§ 3729).

**48.** By and though the fraudulent  schemes described herein,  the  Defendants knowingly  by actual knowledge or in deliberate ignorance  or with reckless disregard of the truth or falsity of the information  presented or caused to be presented false or fraudulent  claims to the U.S Government-sponsored enterprise (GSE)  funded agencies  for payment or approval and knowingly made , used or caused to be made or used, false record or statement martials to a false or fraudulent  claims or to get a false or fraudulent claim paid or approved by the U.S  to wit: the Defendants  submitted  false demands for payment under the U.S Government-sponsored enterprise (GSE)  funded agencies   including the FHA , the US - SBA and  the  US -HUD federally funded Programs and falsely certified that their toxic homes  were *secure, safe, stable  and in good sanitary  conditions.*

**49.** Subsequently  the Defendants requested and accepted disbursed  of funds from the  U.S GSEs  funded agencies   funded Programs  to pay for toxic homes  that were  replete  with toxic asbestos  mold, mildew  lead paint toxins, and  toxic homes   with  gas stoves emitting NOx and COs poisonous  gases,  and toxic homes   with  water, gas and electric smart meters emitting  cancer causing RF emissions.

**50.** The Defendants  and  the Defendants  employees and contractors   caused these   false claims and false records to be submitted GSEs  funded agencies.

**51.** The U .S paid the false  claims described herein and summarized in Paragraphs above.

**52.** The  Defendants actions described herein have resulted in damage to the  U .S Government equal to the  amount paid or distributed to U .S Government by and though  the U.S Government-sponsored enterprise (GSE)  funded agencies  together with the cost of time and resources diverted as a result of the Defendants frauds.

**53.** The Plaintiff -Realtor demand judgement in his favor  on behalf of the U .S Government and himself  and against the  Defendants in among equal to treble damages sustained by reason  of the Defendants conduct , together with civil penalties as permitted by 31 U.S.C. §§ 3729, attorney's fees, costs, interest , and such other further, or different relief to which the Plaintiff -Realtor  may be entitled.

**COUNT 4:   FEDERAL CAUSE OF ACTION**
**FALSE CLAIMS UNDER 31 U.S.C 3729   PAID  BY THE**
**U,S TREASURY DEPARTMENT VIA THE US -SBA'S  PPP PROGRAM**
**(Rapid Fire Home Buyers Defendant)**

**54.** Plaintiff Kelly   re-allege the allegations set forth in Paragraphs 1-33  above and incorporate the same herein by reference.

**55.**  The Plaintiff's states  complaints  governed   by and rising under   violations of  False Claims Act  under    (31 U.S.C. §§ 3729)

**56.** By and though the fraudulent  schemes described herein,  the  Defendants knowingly  by actual knowledge  actual or in deliberate ignorance  or with reckless disregard of the truth or falsity of the information  presented or caused to be presented  false or fraudulent  claims to the  U.S Treasury   Department  Paycheck Protection Program ("PPP Program ) which provided  the  Defendants  and other small businesses with the resources they need to maintain their payroll, hire back employees who may have been laid off, and cover applicable overhead.

57. The Defendants and Defendant's employees that made false claims and/or caused false claims to be made for payment or approval and knowingly made , used or caused to be made or used, false record or statement martials to a false or fraudulent claims or to get a false or fraudulent claim paid or approved by the U.S to wit: the Defendants and Defendants' employees submitted false demands for payment under the U.S Treasury Department Paycheck Protection Program ("PPP Program ) and the Defendants provided materially false statements and misrepresentations concerning, among other things, the Defendants number of employees, and the Defendants number of contract employees, the Defendants the gross revenues, costs of goods sold, average monthly payroll. The Defendants and Defendant employees allegedly used these PPP loan funds for purposes not authorized by the EIDL or PPP programs, including for personal expenses and giving kickbacks , bribes and other things of values to the Defendants' business associates,

58. The Defendants and the Defendants employees and contractors caused these false claims and false records to be submitted to the U.S Treasury Department .

59. The U .S paid the false claims described herein and summarized in Paragraphs above.

60. The Defendants actions described herein have resulted in damage to the U .S Government equal to the amount paid or distributed to U .S Government by and though U.S Treasury Department including the U.S Government EIDL or PPP programs , together with the cost of time and resources diverted as a result of the Defendants frauds.

**61.** The Plaintiff -Realtor demand judgement in his favor  on behalf of the U .S Government and himself  and against the  Defendants in among equal to treble damages sustained by reason  of the Defendants conduct , together with civil penalties as permitted by 31 U.S.C. §§ 3729, attorney's fees, costs, interest , and such other further, or different relief to with the Plaintiff -Realtor  may be entitled.

## COUNT 5:  FEDERAL CAUSE OF ACTION
### CONSPIRACY  UNDER 31 U.S.C 3729
**(Against All  Defendants)**

**62.**  Plaintiff Kelly  realleges and incorporate herein this Second Cause of Action  the allegations contained in  paragraphs 1-33 of this Compliant the same as if set out here-in full

**63.**  The Plaintiff Kelly  states  complaints governed  by  conspiracy  claims under   (31 U.S.C. §§ 3729)

**64.** The  Defendants  in concert with  their principles, agents , employees  and  government contractors   did agree to  tenders  and submit  false claims  describes herein to the U.S Government , and  U.S Government in fact paid those false claims.

**65.**  The  Defendants   their principles, agents  and employees acted by and through the conduct described *supra,* with the intent to defraud  the  U.S Government by submitting false claims and false records  to get paid.

**66.**  The Defendants actions together  with the fraudulent actions of their  principles, agents and employees have resulted in damage to the U.S  equal to the amount paid by the U.S Government to  Defendants and the cost of time and resources diverted as a result of the Defendants' frauds.

67. The Plaintiff -Realtor demand judgement in his favor  on behalf of the U .S Government and himself  and against the  Defendants in an amount  equal to treble damages sustained by reason  of the Defendants conduct ,  and conduct  their principles, agents, employees  and other institutions   together with civil penalties as permitted by 31 U.S.C. §§ 3729, attorney's fees, costs, interest , and such other further, or different relief to which   the Plaintiff -Realtor  may be entitled.

### COUNT 6:   FEDERAL CAUSE OF ACTION
### UNJUST ENRICHMENT FROM  ENVIRONMENTAL  FRAUD  CRIMES
### (Against All  Defendants)

68. Plaintiff Kelly  re-alleges the allegations set forth in Paragraphs 1-33 above and incorporates same herein by reference.

69. The Defendants  owed a legal duty to wholesale real estate investment clients and customers not  to unfairly or unduly exploited  and  take  advantage of wholesale real estate investment clients and customers such as city of Mongomery, AL  sick,  elderly and disabled residents   ignorance  about  indoor air quality("IAQ")  matters ,  environmental toxic torts and   safety and health  hazards  which has caused serious  public health problems and environmental risk   to   sick,  elderly and disabled residents  who live  in the  Defendants sick and toxic homes  .

70. *In this alleged   "Polluting-for- Profit Crimes*, the Defendants  and   their RICO Act Racketeering  business associates  are knowingly   violating  the environmental , safety and health laws by receiving   ill -gotten and windfall astronomical  profits   from participating in state sanctioned environmental    frauds and  state sanctioned  toxic tort  crimes against mostly cities  and communities of color  in Alabama.

71. Upon facts and reasonable benefits, these  Defendants   attempted  to  harm, injure  and unjustly enriched themselves  by  limiting Plant Kelly's and others  city of Montgomery, AL residents   damages  who live  in the  Defendants'  sick and toxic homes.

72. At all relevant times,  the Defendants   alleged outrageous conduct prevent  recovery of medical expenses   ( present  and future ")  after  Defendants'  sick and toxic homes    were exposed  to   toxic  and cancer-causing PFOS and PFOA chemicals.

73.  Plaintiff Kelly   says that the  Defendants'  sick  homes and residential  properties  were heavily contaminated  with toxic  asbestos , mold  and mildew spores, lead paint and PFOS and PFOA chemicals and were the actual and proximate cause of injuries and harm to 10s of 1000s  of sick  young children , and pregnant  women   elderly and disabled city of Montgomery, AL  residents.

74. Such serious   and harmful errors, blunders,   and omissions allowed  to these  Defendants and the  Defendants contractors  to  be unjustly enriched   from participating  in felony environmental crimes  and  child labor, underage   and human trafficking crimes. These alleged RICO Act  and TVPA Act  labor trafficking   criminal acts   were the actual and proximate cause of harm  and injuries to sick  young children , and pregnant  women elderly and disabled city of Montgomery, AL  residents   and too  Plaintiff Kelly.

75. As a proximate result of   the Defendants  actions  , Plaintiff Kelly  is entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief. Plaintiff  Kelly is also entitled to an award of attorney's fees and  others costs against the Defendants . The exact amount  for such errors, blunders,   and omissions to be proven at trial.

## COUNT 7: FEDERAL CAUSE OF ACTION
## UNJUST ENRICHMENT FROM  HUMAN TRAFFICKING   CRIMES
### (Against All  Defendants)

76. Plaintiff Kelly  re-alleges the allegations set forth in Paragraphs 1-33 above and incorporates same herein by reference.

77. At all times relevant to this litigation , the Defendants  by and through a pattern of racketeering   receiving  windfall and astronomical  profits   from participating  in  criminal organized   labor and human   trafficking  which created a  serious threat  to public safety.

78. ***Upon information and Belief,*** the  Defendants'  leasing incarcerated "people  -for profit" RICO labor and human   trafficking  criminal  ring , and  the  Defendants and their employees   have  employed,  hired and contracted   with   10s of  100s  of dangerous prisoner  and white supremacy  inmates  from numerous locations including  Elmore, Draper and Staton Correctional Facilities in Elmore; Kilby Correctional Facility in Montgomery; Tutwiler Prison for Women in Wetumpka, etc.

79. As a proximate result of  the Defendants  actions and acts , Plaintiff Kelly  is entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief. Plaintiff  Kelly is also entitled to an award of attorney's fees and  others costs against the Defendants . The exact amount  for such errors, blunders,   and omissions to be proven at trial.

## COUNT 8:   FEDERAL CAUSE OF ACTION
## CONVERSION WITHOUT AUTHORITY UNDER  18 U.S.C. § 666(a)(1)(A)
### (Against All  Defendants

80. Plaintiff Kelly  re-alleges the allegations set forth in Paragraphs 1-33 above and incorporates same herein by reference.

81. At all times relevant to this litigation, the Defendant owed Plaintiff Kelly a duty to not convert Plaintiff Kelly  property to the Defendant , Montgomery Real Estate  LLC d/b/a Rapid Fire Home Buyers for their   own use and benefit.

82.  The Defendant breached that duty on more than one occasion and such breaches were the actual and proximate cause of harm to Plaintiff Kelly.

83.  Accordingly,  the Defendant,  Montgomery Real Estate  LLC d/b/a Rapid Fire Home Buyers, and the   Defendant's employees  are  liable in damages  to Plaintiff Kelly,  the exact amount to be proven at trial

## COUNT 9:  FEDERAL CAUSE OF ACTION
## RACE DISCRIMINATION  UNDER THE EQUAL PROTECTION CLAUSE
## OF THE CONSTITUTION OF THE UNITED STATES
### (against All  Defendants)

84. Plaintiff Kelly  re-alleges the allegations set forth in Paragraphs 1-33 above and incorporates same herein by reference .

85.  The FHA Act   law bars  discriminatory  and harassing conduct   including  libelous and/ or slanderous  conduct  that includes  maliciously impugning  a homeowner  title.

86. Acting under the state law ( 2011 HB-56/ HB -658 draconian laws ) Plaintiff Kelly avers and that the Defendants and the Defendants employees have treated him significantly differently from similarly situated white , younger and affluent home sellers and buyers , by denying him equal rights and equal protections of the law when the Defendants maliciously impugned Plaintiff Kelly's homeowner title

87. The Defendants have also committed libelous or slanderous actions against Plaintiff Kelly real property at 3061 Renee Dr, and Defendants has caused Plaintiff Kelly to suffer economical losses and non-economic losses , and emotional injuries.

88. Plaintiff Kelly avers that the Defendants and Defendants employees have caused Plaintiff Kelly to suffer PTSD stress , mental and emotional pain and anguish because the Defendants and Defendants employees have slandered the home title of Plaintiff Kelly home at 3061 Renee Dr.

89. As a proximate result of the Defendants libelous or slanderous actions and acts , Plaintiff Kelly is entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief. Plaintiff Kelly is also entitled to an award of attorney's fees and others costs against the Defendants . The exact amount for such errors, blunders, and omissions to be proven at trial.

## COUNT 10: FEDERAL CAUSE OF ACTION
## AGE DISCRIMINATION AND ADEA ACT VIOLATIONS
## UNDER TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968
### (Against All the Defendants)

**90.** Plaintiff Kelly re-alleges the allegations set forth in Paragraphs 1-33 above and incorporates same herein by reference .

**91.** The FHA Act law bars discriminatory and harassing conduct including libelous and/ or slanderous conduct that is maliciously impugning a homeowner title.

**92.** Acting under the state law ( 2011 HB-56/ HB -658 draconian laws ), Plaintiff Kelly avers and says that the Defendants and the Defendants' employees have treated him differently from similarly situated white, younger and affluent home sellers and buyers by denying him equal rights and protections of the law when the Defendants maliciously impugned Plaintiff Kelly's homeowner title.

**93.** The Defendants have also committed libelous or slanderous actions against Plaintiff Kelly real property at 3061 Renee Dr, and Defendants have caused Plaintiff Kelly to suffer PTSD stress , mental and emotional pain and anguish.

**94.** Plaintiff Kelly avers that the Defendants and Defendants' employees have caused Plaintiff Kelly to suffer PTSD stress , mental and emotional pain and anguish because of these the Defendants and Defendants employees have slandered the home title of Plaintiff Kelly home at 3061 Renee Dr.

**95.** As a proximate result of the Defendants libelous or slanderous actions and acts , Plaintiff Kelly is entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief. Plaintiff Kelly is also entitled to an award of attorney's fees and others costs against the Defendants . The exact amount for such errors, blunders, and omissions to be proven at trial.

20

## COUNT 11:   FEDERAL CAUSE OF ACTION
## REDLINING   DISCRIMINATION AND  FHA ACT  VIOLATIONS
## UNDER  TITLE VIII  OF THE CIVIL RIGHT ACT OF 1968
### (Rapid Fire Home Buyers Defendant)

**96.** Plaintiff Kelly  re-alleges the allegations set forth in Paragraphs 1-33 above and incorporates

same herein by reference .

**97.**  The FHA Act   law bars  discriminatory conduct   such as   Reverse redlining is the

practice of targeting neighborhoods (mostly non-white) for higher prices or lending on

unfair terms, such as predatory lending of subprime mortgages.

**98.** Acting under the state  law ( 2011 HB-56/ HB -658   laws ),   Plaintiff  Kelly says  that the

Defendants and the  Defendants' employees  have  treated  him  differently  from  similarly

situated  white, younger   and affluent   home sellers  and buyers  by  denying him equal

rights and protections   of the law when the Defendants   racial profiled and discriminatory

selected   Plaintiff  Kelly  home at 3061 Renee  Dr.  for reverse redlining  abuses  which is

the practice of targeting neighborhoods (mostly non-white) for higher prices or lending on

unfair terms, such as predatory lending of subprime mortgages.

**99.**  The  Defendants  have deliberately   committed  reverse redlining  abuses   against  the

Plaintiff  real property at 3061 Renee Dr,  and  these  reverse redlining  abuses   caused

Plaintiff  Kelly  to suffer  economical  losses  and non-economic  losses.

**100.**   As a proximate result of   the Defendants FHA Act reverse redlining abuses    and

discriminatory and  predatory business practices and actions,   Plaintiff Kelly  is entitled to

actual damages, compensatory damages, punitive damages, injunctive relief, any

combination of those, or any other appropriate relief. Plaintiff  Kelly is also entitled to an

award of attorney's fees and  others costs against the Defendants . The exact amount  for

such errors, blunders,   and omissions to be proven at trial.

**COUNT 12: FEDERAL CAUSE OF ACTION**
**2008 ADA-AA DISABILITY VIOLATIONS**
**UNDER   TITLE VIII  OF THE   CIVIL RIGHTS ACT OF 1968**
**(Rapid Fire Home Buyers Defendant)**

**101.**   Plaintiff Kelly  re-alleges the allegations set forth in Paragraphs 1-33 above and

incorporates same herein by reference .

**102.**   The FHA Act   law bars  discriminatory  conduct   and    FHA Act  also  makes it illegal

to harass persons because of race, color, religion, sex (including gender identity and sexual

orientation), disability, familial status, or national origin.

**103.**   Plaintiff  Kelly avers    and says  that the Defendants and the  Defendants' employees

have  treated  him  differently  from similarly  situated   non -disabled, white, younger   and

affluent   home sellers  and buyers  by  denying him equal rights and protections , and then

the Defendants and the  Defendants employees  refused to abate   his  toxic home before

recalling , rebranding  and  remarketing   Plaintiff Kelly  fire and smoke  damaged,  sick

and contaminated  home to   individuals to    suffer   from asthma, Long COVID- 19 ,

COPD  and/or  Multiple chemical sensitivity (MCS) disabilities and disorders   when a

person has a negative reaction when they touch or smell certain toxic  chemicals.

**104.**   Plaintiff  Kelly  additionally says  that the Defendants   were  also specially  targeting

low  income ,  unhealth,  sick  and  others vulnerable  elderly, disabled and other vulnerable

individuals   with these *deceptive marketing, **ambiguous " AS -IS"  contract terms who***

suffer   from asthma,   COPD , Long COVID- 19 ,   and multiple chemical

sensitivity (MCS) disabilities and disorders.

**105.**   As a proximate result of  the Defendants FHA Act  disability discriminatory and

predatory business act ,  Plaintiff Kelly  is entitled to actual damages, compensatory

damages, punitive damages, injunctive relief, any combination of those, or any other

appropriate relief. Plaintiff  Kelly is also entitled to an award of attorney's fees and  others

costs against the Defendants . The exact amount  for damage  will be  proven at trial.


### COUNT 13:    FEDERAL CAUSE OF ACTION
### DISABILITY DISCRIMINATION  DEFENDANTS  MAKING FALSE  PROMISES ABOUT WEBPAGES  AND  WEBSITES  BEING  INTERNET  ASSESSIBLE  AND SECTION  508 AND 504 COMPLIANCES
### (Rapid Fire Home Buyers Defendant)

**106.**   Plaintiff Kelly  re-alleges the allegations set forth in Paragraphs 1-33 above and

incorporates same herein by reference.

**107.**   *As a recipient of  Federal  fund* , the Defendants  were  making  false claims  and false

promises and/or causing  false claims  and false promises  to be made about Defendants

Webpages and Websites  being  ADA Act and Section 508, 504 and 503  Compliance with

the federal  Internet Accessibility rules.

**108.**   At all times relevant to this litigation , the  Defendants and  the Defendants employees

and contractors  making  false claims  about being fully compliant with  the  2008 ADA Act

and Sections 508, 504  and 503/AAP  of the 1973 Rehabilitation Act  which specifically

requires that individuals with disabilities have access to and use of information and data that

is comparable to those who are not individuals with disabilities.

**109.**   Under  fedeal accessibly  and  disability  laws,  it  is  unlawful for   these Defendants
continue  to sending   or to have caused to have sent  to  deaf,  low vision and blind
individuals  court litigation notices ,  court affidavits  and court  summons to  deaf, low
vision  and blind litigants  who did not known   that  court  notices,  court affidavits  and
court  summons  *which should  have   triggered  a court summary default judgment*
*against the  Plaintiff  In Case No, CV- 2023 -901007 if a family members  had  not*
*intervened in  time before the   court summary default judgment became final .*

**110.**   The Defendants   have  failed to provide disabled  individuals  with any document in the
official court record in an accessible format upon request, and  failed  to ensure that  the
these Defendants  websites   are  accessible to individuals with disabilities, in accordance
with the Web Content Accessibility Guidelines (WCAG)  guidelines . Thus ,  these
Defendants   are liable  for  damages to Plaintiff Kelly   for  2008 ADA -AA  disability  and
Section  508 Rehabilitation Act  *WCAG 2.0 AA accessibility requirements violations.*

**111.**   As a proximate result of  the Defendants FHA Act  disability discriminatory and
predatory business act ,   Plaintiff Kelly  is entitled to actual damages, compensatory
damages, punitive damages, injunctive relief, any combination of those, or any other
appropriate relief. Plaintiff  Kelly is also entitled to an award of attorney's fees and  others
costs against the Defendants . The exact amount  of  damage  will be  proven at trial.

## COUNT 14:  FEDERAL CAUSE OF ACTION
### UDAP ACT  DECEPTIVE BUSINESS PRACTICES ACT
#### (Against All  the Defendants)

**112.**   Plaintiff Kelly    re-alleges the allegations set forth in Paragraphs 1-33  above and incorporates the same herein by reference.

**113.**   At all times relevant to this litigation,   the Defendants and  the Defendants' employees used discriminatory, unfair   and  deceptive sales tactics  to trick and deceive people into selling , trading, buying  and leasing their contaminated and    toxic lead,  asbestos, mold, mercury,  formamide ,  plus  gas leaks and gas line defects, sewer problems; etc.

***114.***   The  Defendants and  the Defendants' employees   secretly  suppressed , hided  and concealed   viral  and  critical information  about these wholesaling residential  property under  their control  were  infected  and  contaminated  with  toxic lead,  asbestos, mold, mercury,  formamide ,  ***plus  gas leaks and gas line defects, sewer problems; and  infested with rats ,roaches, bed bugs, lice, spiders,  fleas , ticks, ants,  bats, termites, etc.***

**115.**   The  Defendants and  the Defendants employees   have  engaged in   federal  UDAP Act Unfair, deceptive, or abusive acts and practices  on  more than one occasion and these discriminatory , unfair, deceptive, or abusive acts and practices  have can cause significant public  safety issues  and financial  harm  to  the Plaintiff Kelly.

**116.**   Accordingly, the Defendants  are  liable  for  compensatory  punitive damages  to  the Plaintiff. The exact amount to be proven at trial, arising out of the Defendants and  the Defendants employees  discriminatory , unfair deceptive sales tactics  and  tricks.  The exact amount to be proven at trial, arising out of the Defendants and  the Defendants employees sales tactics  and  tricks against  Plaintiff Kelly .

## COUNT 15:  STATE CAUSE OF ACTION
## IDENTITY CRIMINAL ENTERPRISE MEMBERS
## Alabama Code 13A-6-260, to Chapter 6 of Title 13A to the Code of Alabama 1975
## (Against All  MHA Defendants)

**117.**   Plaintiff Kelly   re-alleges the allegations set forth in Paragraphs 1-33  above and
incorporates the same herein by reference.

**118.**   Plaintiff Kelly  states  complaints  governed   by and rising under Alabama Code 13A-6-
260, to Chapter 6 of Title 13A to the Code of Alabama 1975 , and state  law bars conduct of
members  of  identity enterprise  causing injury to a person's business or property.

**119.**   The Defendants are each an  identity enterprise within the meaning of  Alabama Code
13A-6-260, to Chapter 6 of Title 13A to the Code of Alabama 1975.

**120.**   Each of these Defendants engaged in a  pattern of organized  crirmnl activities   by and
through  the mail, wire, radio  and television,  human  trafficking  frauds  ,  resale estate,
environmental  frauds , and attempted home equity  and home earnest   money frauds.

**121.**    Such acts caused injury to Plaintiff Kelly   business or property at 3061 Renee Dr, in
Montgomery, AL.   Specifically, Plaintiff Kelly  has a property interest  at 3061 Rene Dr, in
Montgomery  when  the Defendant and the  Defendant's employees  engaged in pattern
of organized  criminal  activities  by and through  the mail, wire, radio  and television,
human  trafficking  frauds  ,  resale estate,  environmental  frauds , and  home equity  theft.

**122.**   As a result of such  the  Defendants conduct , and conduct the  Defendants principles,
agents, and employees,   Plaintiff Kelly  has suffered injury to his  property rights as a result
of the organized  criminal  activities by the  Defendants  and the  Defendant's principles,
agents, and employees.

**123.** As a result, Plaintiff Kelly is entitled to all damages associated with the injury to , the
Plaintiff  business or property interest , treble damages, attorney's fees, and other equitable
damaged  cause the Defendants  and the  Defendants principles, agents, and employees
mail, wire, radio  and television,  human  trafficking   frauds , resale estate, environmental
frauds , and attempted home equity  and home earnest   money frauds.

### COUNT 16:   STATE CAUSE OF ACTION
### UDAP ACT  DECEPTIVE BUSINESS PRACTICES ACT
### (Against All  the Defendants)

**124.** Plaintiff Kelly    re-alleges the allegations set forth in Paragraphs 1-33  above and
incorporates the same herein by reference.

**125.** At all times relevant to this litigation,   the Defendants and  the Defendants' employees
used discriminatory, unfair   and  deceptive sales tactics  to trick and deceive people into
selling , trading, buying  and leasing their contaminated and    toxic lead,  asbestos, mold,
mercury,  formamide ,  plus  gas leaks and gas line defects, sewer problems; and  infested
with rats ,roaches, bed bugs, lice, spiders,  fleas , ticks, ants,  bats, termites, etc.

***126.***   The Defendants and  the Defendants' employees  secretly  suppressed , hided  and
concealed    viral  and  critical information  about these wholesaling residential  property
under  their controlled  were  infected  and  contaminated  toxic lead,  asbestos, mold,
mercury,  formamide ,  ***plus  gas leaks and gas line defects, sewer problems; and  infested
with rats ,roaches, bed bugs, lice, spiders,  fleas , ticks, ants,  bats, termites, etc.***

127. The Defendants and the Defendants' employees have engaged in federal UDAP Act Unfair, deceptive, or abusive acts and practices on more than one occasion and these discriminatory , unfair, deceptive, or abusive acts and practices have cause significant public safety issues and financial harm to Plaintiff Kelly      .

128. Accordingly, the Defendants are liable for compensatory damages and punitive damages to the Plaintiff Kelly    , the exact amount to be proven at trial, arising out of the Defendants and the Defendants employees discriminatory , unfair deceptive sales tactics and tricks against Plaintiff Kelly.

## COUNT 17: STATE CAUSE OF ACTION
## SHIRLEY'S LAW ELDERLY FINANCIAL EXLOITATION CRIMES
## ( UNDER THE STATE OF Ala. Code § 26-14-8)
## (Against All the Defendants)

129. Plaintiff Kelly re-alleges the allegations set forth in Paragraphs 1-33 above and incorporate the same herein by reference.

130. Plaintiff Kelly states complaints governed by and rising under Alabama's Shirley's laws which ban financial extortion , exploitation and abuse of individuals over sixty (60) years old , and most state laws define elder financial abuse as a specific type of crime and financial extortion , exploitation and abuse may also involve other crimes such as theft, fraud, forgery, embezzlement, or money laundering.

**131.** At all times relevant to this litigation,  Plaintiff Kelly and  Plaintiff Kelly  wife were specifically targeted by  the Defendant  and the  Defendants' employees   for elderly financial  frauds , and financial exploitation and extortion crimes    because of the Defendants and these   Defendants' employees' pattern of  Rackererting   crimes  by  and through  mail, wire, radio, television and  Home Equity frauds.

*132.* In the  Defendants'  Home Equity  and Earnest  Money  frauds Plaintiff Kelly and Plaintiff Kelly  wife,  before  the ink dried  on the  Defendants   unlawful and illegal   home real estate  contract ( for about  $ 40K)   with  Plaintiff Kelly  , the  Defendants    sought  to sale  Plaintiff  Kelly   smoke   damaged  and toxic  home  in Montgomery, AL  at a significant  mark-up at $57.5 K  or best offers, "*a whopping 45%  one day profit " before performing  no   environmental and abatement work as requested  by  Plaintiffs Kelly to be  comply with  federal and state environment  toxic  tort   laws*

**133.** Accordingly, the Defendant  and the  Defendants' employees    are  liable  for compensatory and  punitive damages   to  the Plaintiff Kelly .The exact amount to be proven at trial, arising out of the Defendants and  the Defendants employees  discriminatory , unfair deceptive sales tactics  and  tricks,  and financial extortion , exploitation  and  abuses against   Plaintiff Kelly.

## COUNT 18:  STATE CAUSE OF ACTION
## SLANDERING   OF HOME'S TITLE( SECTION  6-5-211)
### (Rapid Fire Home Buyers Defendant)

**134.** Plaintiff Kelly   re-allege the allegations set forth in Paragraphs 1-33 above and incorporate the same herein by reference.

135.   Plaintiff Kelly states complaints governed by and rising under Alabama State Code §
6-5-211 which bans libelous or slanderous words falsely and maliciously impugning his
title againts any owner of any estate in lands.

136.   **On July 25, 2023 ,** the .Defendants Jessica Avant Defendant Bobby Dean are each
as an individual or other enterprise, engaged in libelous or slanderous conduct and/ or
libelous or slanderous conduct with written words and by filing a 'poison pill" Lis
Pendens in the city court of Montgomery, AL which falsely and maliciously impugning
Plaintiff Kelly home's title at 3061 Renee Dr. in Montgomery, AL.

137.   Plaintiff Kelly says that the Defendants' conduct toward Plaintiff, as described herein,
was outrageous and extreme, and the Defendants' deliberately violated state laws which
bans libelous or slanderous words falsely and maliciously impugning his title againts any
owner of any estate in lands.

138.   Accordingly, these Plaintiffs are liable for these libelous or slanderous words that
impugned Plaintiff Kelly home title. The exact amount to be proven at trial, arising out of
the Defendants and the Defendants employees libelous or slanderous conduct . The exact
amount to be proven at trial, arising out of these Defendants libelous or slanderous conduct
against Plaintiff Kelly home title.

**COUNT 19:  STATE CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL HARM AND INJURIES**
**Alabama Code Title 6. Civil Practice § 6-11-2**
**(Against All Defendants)**

139.   Plaintiff Kelly re-allege the allegations set forth in Paragraphs 1-33 above and
incorporate the same herein by reference.

140.  The Plaintiff's complaints described intentional and malicious violations under
Alabama Code Title 6. Civil Practice § 6-11-2 about outrageous and extreme malice and/or
oppressive conduct by which any reasonable person would not expect or tolerate from the
Defendants

141.  Plaintiff Kelly says that the Defendants' conduct toward Plaintiff, as described herein,
was outrageous and extreme.

142.  A reasonable person would not expect or tolerate the age, race and disability from
speaking out about environmental , health, safety issued and for refusing to provide
reasonable employment accommodations for disabilities for their home buyers and
prospected home buyers in flipping and repairing toxic home contaminated with asbestos ,
mold, mildew and lead paint, and corrosive lead and copper water and gas pipes.

143.  The Defendants' conduct described herein was intentional and malicious and done for the
purpose of causing or with the substantial certainty that Plaintiff Kelly would suffer property
loss, humiliation, mental anguish, and emotional and physical distress.

144.  As a result of the above-described conduct, Plaintiff Kelly has suffered and continues to
suffer great pain of mind and body, shock, emotional distress, physical manifestations of
emotional distress including embarrassment, loss of self-esteem, disgrace, humiliation, and
loss of enjoyment of life.

145.  Plaintiff Kelly has also suffered and continues to suffer and was prevented and will
continue to be prevented from performing daily activities and obtaining the full enjoyment
of life; will sustain loss of earnings and earning capacity, and/or has incurred and will
continue to incur expenses for medical and psychological treatment, therapy, and
counseling.

146.   In subjecting Plaintiff Kelly to the wrongful treatment herein described, the Defendants

acted willfully and maliciously with the intent to injure and harm Plaintiff Kelly, and in

conscious disregard of Plaintiff Kelly' rights, so as to constitute malice and/or oppression

under Alabama Code Title 6. Civil Practice § 6-11-2.

147.   The evidence supported the award of compensatory and punitive damages for willful,

malicious, and/or oppressive acts mental anguish, medical expenses, and reputational harm

when the Defendants' filed and/or caused to be filed an improper "poison pill lis

pendens" upon Plaintiff 's Kelly home title at 3061 Renee Dr. in Montgomery, AL .

Therefore , Plaintiff Kelly is entitled to recover punitive damages, in an amount to be

determined by the court against the Defendant and the Defendant's employees.


### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Kelly prays that the jury will

award him, based on the facts and circumstances of this case an amount of funds and monies to

adequately compensate Plaintiff Kelly and to sufficiently punish the Defendants and the

Defendants' employees to deter such action in the future.

*Respectfully Submitted on May 17, 2024*

By: _____ 5-17-2024
        **Gregory Kelly, Plaintiff**
        6213 Willow Glen Dr.
        Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com
        Pone Number: 334-356-0473