IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-00297-RAH |
| | ) | |
| MONTGOMERY REAL ESTATE | ) | |
| BUYERS LLC d/b/a RAPID FIRE | ) | |
| HOME BUYERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On January 17, 2025, the Magistrate Judge recommended that Plaintiff's First Amended Complaint be dismissed without prejudice and that the pending motions be denied as moot. (Doc. 28 at 16.) On January 27, 2025, Plaintiff filed a *Response to the Magistrate Judge Recommendation and the Plaintiff's Motion for Default Judgment for the Defendants Failing to Properly Respond to the Plaintiff's Pleadings, Claims and Counterclaims within Fourteen (14) Days* (doc. 29), which the Court construes, in part, as Objections to the Recommendation.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with

instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

In Plaintiff's *Response to the Magistrate Judge Recommendation and the Plaintiff's Motion for Default Judgment for the Defendants Failing to Properly Respond to the Plaintiff's Pleadings, Claims and Counterclaims within Fourteen (14) Days*, he does not identify any specific Objections to the Recommendation other than "Defendants and Sovereign citizen members are conspiring to silence the Plaintiff from speaking out about the public safety and health threats caused by the Defendants and their Sovereign citizen business associates." (Doc. 29 at 1.) Instead, Plaintiff states conclusory allegations in support of his First Amended Complaint such as "Defendants were targeting homeowners based on age or other demographic facts." (*Id.* at 8.) As the Magistrate Judge correctly determined, Plaintiff asserts "conclusory allegations with no supporting factual material or alleges violation of a statute where there is no private right of action." (Doc. 28 at 5.) *See Jones v.*

2

*Gadsden Cnty. Schs.*, 758 F. App'x 722, 723–26 (11th Cir. 2018) (per curiam) (affirming district court's *sua sponte* dismissal of the pro se plaintiff's amended civil rights complaint because it contained conclusory allegations for various causes of action); *Grider v. Cook*, 522 F. App'x 544, 547–48 (11th Cir. 2013) (per curiam) (affirming "the district court's dismissal of [the plaintiff's] complaint for failure to state a claim" because the plaintiff "stated nothing more than conclusory allegations of constitutional violations").

Accordingly, upon an independent review of the record, it is **ORDERED** as follows:

1. Plaintiff's Objections (doc. 29) are **OVERRULED**.

2. The Recommendation is **ADOPTED**.

3. The Defendants' *2nd Motion to Dismiss and Quash Service Pursuant to F.R.C.P. Rule 12* (doc. 24) is **GRANTED in part** to the extent the Defendants seek dismissal of the First Amended Complaint.  To the extent the Defendants seek to quash insufficient service of process, the Motion is **DENIED as moot**.

4. The First Amended Complaint (doc. 15) is **DISMISSED without prejudice**.

5. To the extent the Notice includes a motion for summary judgment, the Motion (doc. 26) is **DENIED as moot**.

6.  All other pending motions (doc. 29) are **DENIED as moot**.

DONE, on this the 10th day of February 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE